**Susan A. Schlenger**
15 Coachman Way
Hyde Park, NY 12538

MEMO ENDORSED

October 28, 2011

**VIA FACSIMILE**

Chambers of Honorable Cathy Seibel
United States District Judge
The Charles L. Brient, Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 106

Re: Schlenger v. Fidelity Employer Services Co., LLC, et al
    No. 09-CV-3986 (CS)

Your Honor:

I am writing to the Court to update it on my efforts to comply with its mandate to provide as timely amendment to the Complaint in this matter.

I am relieved to report that I may have found representation. I have been speaking with a particular attorney for the last two weeks and have a meeting scheduled for the coming week to continue discussions to review materials which I have (after considerable effort) located.

My former counsel delivered some of my materials to me in three separate shipments, arriving at my home approximately thirty days after the Court initially gave me leave to amend the Complaint. I have still not found original materials delivered by me to former counsel although some copies of same are infiltrated the various boxes I have examined. I am concerned that some material is irretrievably lost at former counsel's main offices. This fact alone has considerably delayed my efforts.

As none of the documents delivered to me were indexed, or contained even a time line or chronology (although requested many times), it has taken me many hours simply to find the limited amount of material requested by the potential new counsel.

It is clear to me, after my survey of the documents, any new counsel will likely require at least two (2) months to organize and order the material I do have and to work somewhat concurrently on the preparation of an amended complaint.

---

**Handwritten endorsement by Judge:**

While I am sympathetic to Plaintiff's limitations, it has been over 6 months since Plaintiff's counsel [first] asked on Plaintiff's behalf for an extension, and, apparently, over 5 months since counsel sent Plaintiff her files. Plaintiff should prepare an amended complaint herself and file it on or before 11/14/11, unless counsel files a Notice of Appearance on or before that date, in which event counsel may file an amended complaint no later than 11/28/11. No further extensions. Ms. Albano is relieved as counsel. The Clerk shall mark this case as pro se and send a copy of this Order to Plaintiff via overnight express.

So Ordered.
Cathy Seibel
Cathy Seibel, U.S.D.J.
Dated: 10/31/11

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/11

As I may likely be admitted for two surgical procedures in the near future, it is my hope that I can delay any hospitalization until I am no longer required to assist counsel. While the Court has been exceedingly generous in its previous extensions I must therefore ask for an additional sixty days' extension.

During the previous extensions I have diligently applied myself, within my physical limitations, to seeking counsel to assume representing me. In this effort I have contacted in excess of twenty law firms, as well as several referral and pro bono firms and had serious discussions with ten or more counsel. All of them have refused to undertake this representation[1]. This number does not include contacts which were never returned.

The reasons for these declinations have varied from time constraints, fees constraints, refusal to follow another's work, or, on more than one occasion, after reviewing case materials, refusal to undertake such an overwhelming remedial effort as felt needed to correct the errors of my prior/ former counsel.

During the last two weeks I have established communication with an attorney who has evaluated certain materials and has expressed an interest in representing me in this matter. While this attorney has not yet had to sufficient available time to meet with me and to review the entire file this time has now been scheduled for next week. If representation is undertaken, then the requested sixty days time will be required to appropriately amend the pleadings and take other appropriate steps.[2]

Additionally, to appropriately amend the record, I am officially dismissing from my representation the Lowenstein, Sandler law firm and all attorneys associated therewith.

I am, by copy of this letter notifying Lowenstein, Sandler of this and again request that all appropriate withdrawals be filed, which to date, if my understanding is correct, they have failed to so do. As well, I will again attempt to locate the original materials (and borrowed litigation bag containing such materials) left with them.

---

[1] At the request of the Court, I am willing to provide the names of firms and counsel with whom I spoke. I am anxious that the Court recognize that I have made extraordinary effort to comply with the timely amendment of the Complaint. However, I am very hampered (discouraged and further disillusioned) at how many of those contacted felt that my situation was so dire given all that was not done by my former counsel.

[2] It is with no small irony that I ask the Court to consider that if I could work without customary office staff (paralegals, secretaries, etc) and perform such work with alacrity, I could have continued to work with accommodations and would not consider myself disabled. As it is, all of my efforts must be unceasingly interrupted by the need to rest or to cease work entirely at times. While I was, with accommodations in condition to work in 2006 and forward, my various problems have persisted and further progressed to de-condition me. [3] I am willing, should the Court request verification, to provide to it information on the additional medical problems with which I am trying to cope; one may be related to my historical disabilities, the other, I believe, is not so related. The impact of these problems on me has been compounded by a very restrictive diet and further limitations on my activities.

As I have previously stated, I do not believe that the Defendants will incur any inconvenience, loss or damage as a result of this extension being granted. Especially when viewed in light of the damages which I have incurred and may otherwise be irrevocable and cause further irreparable damage.[3] I am hopeful that such amendment, if permitted, will be sufficient to present that portion of my case to best effect.

The Court's further patience with this situation would be very greatly appreciated.

Respectfully submitted,

Susan A. Schlenger

Cc: Allan S. Bloom of Paul Hastings, LLP
75 East 56th Street, NY, NY 10022

Lowenstein Sandler, PC

---

[3] I still own the home purchased in reliance upon my relationship with IBM, however I am, as a result of my losses to date, unable to make mortgage or tax payments thereon.