# PAUL
# HASTINGS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/11

1(212) 318-6377
allanbloom@paulhastings.com

*Pre-motion conference to be held on:* 1/25/12 at 2:30 PM

*Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.*

December 16, 2011

78321.00053

*So ordered.*

**VIA FACSIMILE**

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Chambers of Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Dated: 12/19/11

Re:    *Schlenger v. IBM Corporation & Gary Lipson*
       No. 09-CV-3986 (CS)

MEMO ENDORS...

Your Honor:

We represent defendants International Business Machines Corporation ("IBM") and Gary Lipson in this matter. Defendants wish to file a motion to dismiss all claims against them in Plaintiff's Second Amended Complaint ("SAC"), and hereby request a pre-motion conference with the Court in accordance with Section 2(A) of Your Honor's Individual Motion Practices.

Plaintiff's "First Claim," charging IBM with fraudulent inducement, should be dismissed because it fails to state a claim upon which relief may be granted.  To state a claim for fraudulent inducement under New York law, a plaintiff must allege a material, false representation of present fact made with the intent to defraud; reasonable reliance upon the representation; and resulting damage.  *E.g., Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 104 (2d Cir. 2001).  FRCP 9(b) further requires that to plead fraud, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *E.g., Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)).  The SAC alleges only a series of vague and subjective comments.  (*See* SAC ¶ 16.)  None of the comments alleged were ones on which Plaintiff could have reasonably relied in deciding to accept employment with IBM.  At most, these statements amount to puffery or opinion and as such are insufficient to establish fraudulent inducement.  *E.g., Buckman v. Calyon Secs. (USA) Inc.*, No. 09 CIV 6566 (SAS), 2011 U.S. Dist. LEXIS 104437, at *40 (S.D.N.Y. Sept. 14, 2011) (statements during hiring process that were not "concrete representation[s]" were insufficient to induce reasonable reliance for purposes of fraudulent inducement claim); *Sheth v. N.Y. Life Ins. Co.*, 273 A.D.2d 72, 74 (1st Dept. 2000) (dismissing fraud claim based on puffery and opinions).  Plaintiff's fraudulent inducement claim should therefore be dismissed.

Plaintiff's fraudulent inducement claim should also be dismissed because it is time barred.  On November 5, 2003, Plaintiff signed and dated a document accepting IBM's offer of employment.  Any alleged fraudulent misrepresentations inducing Plaintiff to accept IBM's offer of employment must necessarily have predated November 5, 2003.  But Plaintiff filed this lawsuit against IBM on November 13, 2009, more than six years later.

A claim for fraudulent inducement carries, at the most, a six-year statute of limitations.  *E.g., MacDiarmid v. ING Bank N.V.*, No. 02 Civ. 3077 (HB), 2003 WL 41995, at *4 (S.D.N.Y. Jan. 6, 2003) (granting defendant's motion for summary judgment on fraudulent inducement claim when plaintiff accepted

# PAUL
# HASTINGS

Chambers of Hon. Cathy Seibel
December 16, 2011
Page 2

employment more than six years before bring suit). Plaintiff's fraud claim, therefore, is untimely and must be dismissed.

In her "Second Claim," alleging a violation of the Employee Retirement Income Security Act ("ERISA"), Plaintiff fails to plead a claim that is plausible on its face. FRCP 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While it must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, the Court can and should ignore any allegations that are based solely on opinions or legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Although the law "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and not mere conclusory allegations of law. *Id.* at 1949 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice').

In her Second Claim, Plaintiff alleges that her post-employment insurance coverage "had been revoked" and concludes that "Defendant IBM's actions were taken in retaliation for plaintiff asserting her rights." (SAC ¶¶ 119-20.) Plaintiff fails to offer a clear legal theory for this claim, let alone any supporting facts, such as whether it was IBM that revoked her health insurance and why she believes some unnamed person or entity revoked her health insurance coverage in retaliation for her actions. (*See generally id.*) In fact, Plaintiff previously accused Fidelity Employer Services Company, LLC—a former co-defendant in this action—of depriving her of her health insurance coverage. (*See* Plaintiff's First Amended Complaint, dated Nov. 13, 2009, at ¶ 136.) Plaintiff's Second Claim is so threadbare that it is unclear exactly what type of claim she is bringing, and therefore impossible for IBM to know whether it may legitimately assert any affirmative defenses. (*See generally* SAC.) The Second Claim thus fails to meet the standards described in *Twombly* and *Iqbal*, and must be dismissed.

Plaintiff's "Third Claim" and "Fourth Claim," charging IBM with discriminatory and retaliatory discharge in violation of the New York Human Rights Law ("HRL"), also fail to plead facially plausible claims. Plaintiff merely concludes that IBM terminated her employment "because of her disabilities, history of disabilities and/or perception of disabilities" and "in retaliation for seeking accommodations for her disabilities" (SAC ¶¶ 123, 128), without alleging any facts to support those conclusions. (*See generally id.*) Plaintiff even admits that IBM invited her to return to work and requested that her doctor clear her to return, but that she declined the offer. (*Id.* ¶¶ 92, 96-97.) Such threadbare allegations fall short of the pleading standards discussed in *Twombly* and *Iqbal*, described above. For this reason, Plaintiff's Third and Fourth Claims must be dismissed as well.

Plaintiff's "Claim Five" and "Claim Six" also allege that IBM discriminated and retaliated against her in violation of the HRL. But Plaintiff asserts *no facts whatsoever* to provide a basis for a reasonable conclusion that IBM discriminated or retaliated against her *based on* her alleged disability or her exercise of any protected rights. To the contrary, Plaintiff merely recites a series of actions IBM allegedly took and concludes that those actions were taken "on the basis of disability, history of disability and/or perception of disability." (SAC ¶¶ 133, 138.) These kinds of conclusory allegations fail to meet the pleading standards discussed in *Twombly* and *Iqbal*, described above. Accordingly, Plaintiff's Claim Five and Claim Six should be dismissed.

# PAUL
# HASTINGS

Chambers of Hon. Cathy Seibel
December 16, 2011
Page 3

Plaintiff's "Claim Seven" and "Claim Eight," charging newly-named individual defendant Lipson with discrimination and retaliation under the HRL, are time barred. To be timely, Plaintiff's claims against Lipson had to be filed within three years of their occurrence. *See* CPLR § 214(2); *Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 532 (2d Cir. 2004) (noting that HRL suits "must ... be filed within three years of the alleged discriminatory act") (citation omitted). Plaintiff brought claims against Lipson for the first time in the Second Amended Complaint, filed on November 28, 2011. But the actions that Plaintiff attributes to Lipson occurred prior to November 28, 2008, more than three years before Plaintiff filed the Second Amended Complaint. For example, in Claim Seven, Plaintiff alleges that Lipson discriminated against her by "making clear that he would terminate her unless she went out on disability." (*See* SAC ¶¶ 85-86, 144.) But that alleged action occurred, if at all, before she went out on leave in *2006*. (*Id.*)[1] Because they are time barred, Plaintiff's Claim Seven and Claim Eight must be dismissed.

Even if Claims Seven and Eight were timely (which they are not), Plaintiff fails to adequately plead either claim under the standard described in *Twombly* and *Iqbal*, discussed above. Instead, she merely recites a list of actions and claims that Lipson took them "because of plaintiff's disabilities, history of disabilities and/or Lipson's perception of plaintiff's disabilities" and that such actions were "retaliatory." (SAC ¶¶ 144, 149.) Such conclusory allegations are insufficient to withstand a motion to dismiss.

IBM is available to appear for a pre-motion conference at the Court's convenience. Alternatively, IBM is able to address these issues at the January 25, 2012 conference already scheduled with Your Honor in this case.

Respectfully submitted,

Allan S. Bloom
of PAUL HASTINGS LLP

cc:      Lisa Ruth Lipman
         Gail I. Auster
         *Attorneys for Plaintiff*

---

[1] Although Plaintiff does allege that her employment ended in December 2008, she does not allege that Lipson played any role in the actual decision to terminate her employment. Instead, Plaintiff claims that someone in IBM's Human Resources department told Plaintiff "that she was being terminated from employment at IBM unless she returned to work." (SAC ¶ 92.) Plaintiff does not allege that Lipson decided to terminate her, or that he did anything to prevent her from returning to work.

# PAUL HASTINGS

## FAX TRANSMISSION

| to: | company/office: | fax: | telephone: |
|---|---|---|---|
| Hon. Cathy Seibel | United States District Courthouse | 914-390-4278 | |

| from: | fax: | telephone: | initials: |
|---|---|---|---|
| Allan S. Bloom | 1(212) 319-4090 | 1(212) 318-6377 | ASB2 |

| client name: | *Schlenger v. Fidelity Employer Servs. Co. LLC*, et al. No. 09-CV-3986 (CS) | client matter number: | 17321.00053 |
|---|---|---|---|
| date: | December 16, 2011 | pages (with cover): | 4 |

comments:

*If you do not receive all pages, please call immediately Facsimile Center: 1(212) 318-6821*

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the below address via the U.S. Postal Service. Thank you.*

Paul Hastings LLP | 75 East 55th Street | New York, NY 10022
t: +1.212.318.6000 | www.paulhastings.com

LEGAL_US_E # 94751744.1