# LAW OFFICES of
# GAIL I AUSTER
# and ASSOCIATES

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/12

Gail I. Auster, Esq.
Law Offices of Gail I. Auster & Associates, P.C.

17 Battery Place | Suite 711 | New York, NY 10004
212 864 3461 *office* | 914 707 4000 *cell* | 212 864 2228 *fax* | *gailauster@lawauster.com*

March 29, 2012

*Via Telefax (914) 390-4278*

Chambers of Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Schlenger v. IBM Corporation Inc. and Gary Lipson*
No. 09-CV-3986 (CS)

Dear Judge Seibel:

[Handwritten annotation:] Although I share Defendants' frustration with yet another amendment, the proposed changes are relatively minor and discovery has not begun, so prejudice is minimal. Leave is granted to make only the amendments enumerated in this letter. Fourth Amended Complaint to be filed by 4/9/12. By 4/23/12 Defendants shall submit a letter stating whether the changes moot any aspect of the pending motion, require Defendants to supplement the pending motion, or make no difference to the pending motion. If Defendants wish to supplement the pending motion, they should discuss a proposed schedule with Plaintiff's counsel & advise the Court.

Together with my co-counsel, Lisa R. Lipman, Esq., we represent the plaintiff Susan Amy Schlenger ("Plaintiff" or "Schlenger") in the above-referenced case against IBM Corporation Inc. ("IBM") and Gary Lipson ("Lipson")(collectively, "Defendants"). We request a pre-motion conference in accordance with Your Honor's Rules to seek leave to file a motion to amend her Complaint.

Procedural History.

Originally, Plaintiff only brought claims against the various insurers of her employer IBM; IBM was added as a party by plaintiff's prior counsel in an Amended Complaint, dated November 13, 2009. Defendant insurers moved for summary judgment and IBM moved to dismiss. The Court, by Decision and Order dated March 31, 2011, granted the insurers' motions for summary judgment and granted IBM's motion to dismiss without prejudice with leave to re-plead.

The undersigned were substituted as Plaintiff's counsel on November 14, 2011, and complied with the Court's deadline to file a Second Amended Complaint on or before November 28, 2011. In the rush to get the Second Amended Complaint filed within the short period of time remaining per the court's deadline, counsel inadvertently omitted the enumerated list of disabilities and the physical injury aspect of the New York State Human Rights Law claims.

So Ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 3/30/12

At a Conference before the Court on January 25, 2012, IBM was granted leave to file a subsequent motion to dismiss, and Plaintiff was granted a 10-day leave to file a Third Amended Complaint, which inadvertently contained the same omissions as the Second Amended Complaint.

Presently, the parties are addressing Defendants' Motion to Dismiss, which will be submitted on May 25, 2012.

The Present Application.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely" given "when justice so requires." Justice requires granting leave to add both of these proposed amendments. To date there has been no discovery, either paper/electronic or by deposition. None of the changes Plaintiff seeks to make have been raised by Defendants in their current motion. There is no prejudice to Defendants in granting either of Plaintiff's requests for addition to her Complaint.

Plaintiff seeks to amend the Complaint as follows:

(1) add the words "and physical injury" to Plaintiff's discrimination and retaliation claims against defendant IBM in ¶¶ 176, 181, 186 and 192 (Plaintiff's Fifth through Eighth Claims); and to Plaintiff's discrimination and retaliation claims against defendant Gary Lipson in ¶¶ 197 and 202 (Plaintiff's Ninth and Tenth Claims); and

(2) add the following sentence to the end of ¶ 45: "Ultimately Schlenger was diagnosed with a range of spinal disorders, including progressive Facet disease, progressive DJD, a degenerative disc disorder, progressive cervical stenosis, chronic intractable back pain, related right should weakness and pain, and coccydynia."

**Physical Injury.** Physical injury is a recognized element of damages in claims for discrimination and retaliation under the New York State Human Rights Law. N.Y. Exec. Law §§ 290 *et seq.* and including this element of damages helps both parties. Unlike back pay or emotional distress, also elements of NYSHRL damages, physical injury, when proven in applicable cases, results in an untaxed award. This can make settlement at a lower number easier, as a portion of damages can be allocated to the physical injury and therefore untaxed. Plaintiff in the instant case has suffered bona fide physical injury and this amendment will be made in good faith.

**Enumerated List of Disabilities.** The Third Amended Complaint only lists "intractable back pain," arguably a disability within the meaning of the NYSHRL, but in this case certainly not the only disability. The Complaint and Amended Complaint both contained the list of disabilities enumerated above that Plaintiff seeks to add with this amendment. Defendants certainly knew of the disabilities from the Complaint and Amended Complaint. Moreover, Plaintiff's Medical Treatment Reports from her treating physician had been given to IBM and exchanged in the course of the earlier litigation. In addition,

2

Defendants knew of her disabilities from her requests for accommodation when she was an IBM employee. It is beyond dispute that Defendants have had notice of all of Plaintiff's enumerated disabilities.

Thus, the amendments pose no surprise to Defendants and do not prejudice them in any way. There has been no discovery and the facts of Plaintiff's disabilities are already known to Defendants. Moreover, Defendants also know that "physical injury" is an element of damages in NYSHRL cases.

Wherefore, Plaintiff respectfully requests that the Court set down this matter for a conference and that Plaintiff be granted leave to amend.

Thank you for your continuing consideration in this matter.

Very truly yours,


Gail I. Auster

GIA/sf

c: Alan Bloom, Esq. (by telefax)
    Lisa Lipman, Esq. (by telefax)

# FACSIMILE

**To:** Hon. Cathy Seibel, U.S.D.J.

**Re:** Schlenger v. IBM Corporation Inc. and Gary Lipson
No. 09-CV-3986 (CS)

**Fax:** (914) 390-4278

**Pages:** 4, including this cover sheet.

**Date:** March 29, 2012

**Message:** Attached please find correspondence in the above-captioned case. Thank you.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS LISTED BELOW VIA THE U.S. POSTAL SERVICE. THANK YOU.

From the desk of...
Gail I. Auster
Law Offices of Gail I. Auster & Associates, PC
17 Battery Place, Suite 711
New York, New York 10004
(914) 707-4000
Fax: (212) 864-2228