# PAUL HASTINGS

> *Plaintiff shall turn over the laptop, which is concededly IBM's property, to IBM. IBM shall, needless to say, take whatever steps are necessary to preserve its contents (including access information and "deleted" documents that may remain).*
>
> *With respect to the pending 6/1/12 deadline for document discovery, it is hereby extended to 7/15/12.*

May 21, 2012

17321.00053

**VIA FACSIMILE**

Chambers of Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**So Ordered.**

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 5/30/12

Re: *Schlenger v. IBM Corporation and Gary Lipson*
    No. 09-CV-3986 (CS)

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/12

Your Honor:

We represent the Defendants, IBM and Gary Lipson, in this lawsuit. We write in response to the May 15, 2012 letter from Plaintiff's counsel, Lisa Lipman, to Your Honor.

On May 9, 2012, Ms. Lipman, informed us for the first time that Plaintiff still has in her possession an IBM laptop that she was obligated to return to IBM after her employment with IBM ended. There is no dispute that the laptop is the property of IBM.

IBM has demanded the immediate return of the laptop and Plaintiff has refused to return it, because she believes it may have information that is responsive to the parties' discovery requests. This is not a valid reason for Plaintiff to retain property that belongs to IBM.

To the extent that the laptop contains information that is subject to disclosure under Federal Rules of Civil Procedure 26 and/or 34, IBM will produce such information to Plaintiff, as it would with respect to information that is otherwise in IBM's possession or control or stored electronically on its property.[1] As this and other courts repeatedly have recognized, the law does not allow Plaintiff to engage in self-help discovery—by retaining IBM's property—because of her unfounded and unjustifiable suggestion that if Plaintiff returns the IBM-owned laptop to IBM, IBM would somehow avoid its obligation to produce relevant information. *See, e.g., Hammond v. Beth Israel Med. Ctr.*, 10 Civ. 93 (NRB), 2011 WL 5980952, at *4 n.2 (S.D.N.Y. Nov. 30, 2011) ("Federal Rule of Civil Procedure 37 addresses a party's failure to make disclosures or cooperate in discovery, and that rule nowhere provides for the self-help exercised by plaintiff."); *Alicia Ocean Transport, S.A. v. Equity Steamship Agencies, Ltd.*, No. 84 Civ. 612 (CSH), 1985 WL 405 (S.D.N.Y. Mar. 21, 1985) ("[S]elf-help is not a remedy for discovery defaults under the Federal Rules of Civil Procedure").[2]

---

[1] IBM's deadline to respond to Plaintiff's discovery requests has not even arrived.

[2] *Accord Furnish v. Merlo*, Civ. No. 93-1052-AS, 1994 WL 574137, at *6 (D. Or. Aug. 29, 1994) (unpublished) ("Simply because...[plaintiff] had work-related access to the documents does not mean that she was authorized to copy the documents, remove them from [defendant's] office, and give them to her attorneys.'); *In re: IBP Confidential Bus. Documents Litig. v. Bagley*, 754 F.2d 787, 788 (8th Cir. 1985) (ordering the return of "files that [plaintiff] generated while he worked" at the company); *Conn v. Super.*

# PAUL
# HASTINGS

Hon. Cathy Seibel
May 21, 2012
Page 2

IBM respectfully request that the Court order Plaintiff to return the laptop to Paul Hastings LLP immediately, so that Defendants may review its contents and produce relevant documents.

Further, Ms. Lipman's May 15 letter to Your Honor requested an extension of time to complete discovery related to documents on the laptop. Defendants respectfully request a three-month extension of the deadline for document discovery generally, currently set for June 1, 2012, and not just with respect to documents on the laptop. This extension will allow Defendants to locate and review additional documents necessary to respond to Plaintiff's document requests, which Plaintiff did not serve on Defendants until April 26, 2012.

In short, IBM is entitled to the return of its laptop and the parties agree that some extension of the discovery deadline is appropriate. We do believe that a conference with the Court is necessary, but are available at the Court's convenience by telephone or in person to discuss these matters further.

Respectfully submitted,

Allan S. Bloom
of PAUL HASTINGS LLP

cc:　Gail I. Auster, Esq.
　　　Lisa Ruth Lipman, Esq.
　　　*Attorneys for Plaintiff*

---

*Ct. of L.A.* 196 Cal. App. 3d 774, 781 (1987) (ordering the return of company documents, including documents given to the employee in the course of his employment, that the plaintiff took with him when he left the company).

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
telephone 212-318-6000 • facsimile 212-319-4090 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Honorable C. Seibel | USDC | 914-390-4278 | |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Allan S. Bloom, Esq. | (212) 319-4090 | (212) 318-6377 | ASB2 |

| client name: | *Schlenger v. Fidelity Employer Servs. Co. LLC, et al.* No. 09-CV-3986 (CS) | client matter number: | 17321.00053 |
|---|---|---|---|
| date: | May 21, 2012 | pages (with cover): | 3 |

**comments:**

**If you do not receive all pages, please call immediately Facsimile Center: (212) 318-6821**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

LEGAL_US_E # 92749048.1