# LISA R. LIPMAN
ATTORNEY AT LAW
145 HUGUENOT STREET, SUITE 402
NEW ROCHELLE, NEW YORK 10801
TEL: (914) 235-8922
FAX: (914) 636-6021

MEMBER N.Y. AND CONN. BARS

June 12, 2012

*Via Telefax (914) 390-4278*

Chambers of Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    *Schlenger v. IBM Corporation Inc. and*
              *Gary Lipson*
              No. 09-CV-3986 (CS)

Dear Judge Seibel:

        Together with my co-counsel, Gail I. Auster, Esq., we represent the plaintiff Susan Amy Schlenger ("Plaintiff" or "Schlenger") in the above-referenced case. We write in response to defendants' baseless accusations concerning plaintiff's alleged refusal to comply with Your Honor's May 31, 2102 Order (the "Order") to return to IBM the laptop, which Ms. Schlenger had used for her work when she worked from home during her last approximately two years of active employment, and which IBM failed to retrieve from her at the end of her employment, despite its statement that it would do so (the "Laptop").

        Plaintiff remains ready to turn over the Laptop. However, IBM has refused Plaintiff's reasonable request to delineate what steps it will take to "preserve [the Laptop's] contents, including access information and 'deleted' documents that may remain," in compliance with the Order.

        Plaintiff's letter to defendants, dated June 5, 2012 ("June 5 Letter")(attached) outlined the steps that plaintiff's forensic expert had advised were necessary to comply with the Order; to wit, a forensically acceptable copy of the hard drive created by a qualified forensic provider. Plaintiff also sought certification of the chain of custody. Defendants never responded to this part of the June 5 Letter.

        Plaintiff's June 5 Letter also noted that defendants' response to Plaintiff's First Request for Production of Documents, which sought many electronic communications between plaintiff and her coworkers and supervisors, including defendant Gary Lipson, failed to include *any* email communications. Instead, defendants indicated that it would do so at some unspecified point in time; "Defendants will supplement their document production as they locate and review additional responsive documents." Letter of Erin E. LaRuffa, Esq., to Lisa R. Lipman, Esq., dated May 29, 2012 (attached). As plaintiff made clear, this failure to produce electronic

Hon. Cathy Seibel
June 12, 2012
Page 2

documents raised concerns that relevant documents already may have been destroyed. Defendants never responded to this part of the June 5 Letter.

When defendant failed to respond to plaintiff's June 5 Letter, plaintiff further highlighted her concerns on the possibility of spoliation by letter dated June 8, 2012 from Gail I. Auster, Esq., to Allan S. Bloom, Esq. (the "June 8, Letter")(attached), which said "Please clarify whether: (1) there are electronically stored documents that have yet to be produced and, if so (2) when Defendants expect to produce them. If there are no (or very few) other documents, please say so. If you cannot clarify these questions, we will be forced to seek court intervention. Thank you." Defendants never responded to the June 8 Letter.

Instead, defendants submitted their June 12 letter to Your Honor. That letter does not address any of these concerns in the slightest.

Therefore, we have no assurance as to what steps, if any, IBM will take to preserve the Laptop's contents, or what steps, if any, IBM will take to preserve the access information and whatever "deleted" documents may remain. In short, defendants' June 12 letter is silent on these issues and dismissive; there has been no statement whatsoever as to what steps IBM will take to comply with Your Honor's Order.

To date, there is absolutely no evidence that electronic communications between plaintiff and defendant concerning plaintiff's discrimination and retaliation claims during the period in suit have been preserved. We are legitimately concerned that the only electronic communications that remain are those stored on the Laptop, on which Ms. Schlenger worked when she worked from home for approximately two years.

We had initially sought court intervention on the return of the Laptop (which was remotely locked by IBM at some point after Ms. Schlenger's termination) in order to avoid unnecessary protracted litigation concerning spoliation based on the Laptop documents. Now, without production of *any* other emails or electronic documentation between the parties from this critical period of the events in suit--the two or so years Ms. Schlenger worked from home--IBM has resorted to namecalling (e.g., "baseless"), threatening to seek contempt orders and legal fees rather than articulating what steps IBM will take to preserve the Laptop's contents, access information, and "deleted" documents.

As Plaintiff made clear to defendants, plaintiff's understanding per her forensic experts, is that the Order contemplates the making of a forensic image of the computer, one that is made by a qualified forensic provider. Had IBM articulated these or other steps it would take to preserve the contents, access information, and "deleted" documents, perhaps the parties could have arrived at an agreement without court intervention.

Moreover, had IBM complied with Plaintiff's First Document Request by producing emails from the time period in suit, plaintiff would have been somewhat assured that defendants had, in fact, complied with their duty to preserve documents. However, defendants have not done so.

As it stands, there is nothing on which plaintiff can reasonably base a belief that IBM will "take whatever steps are necessary to preserve [the Laptop's] contents (including access

Hon. Cathy Seibel
June 12, 2012
Page 3

information and 'deleted' documents that may remain)." IBM has done nothing to even address, let alone allay, our concerns.

Therefore, we request that Your Honor order IBM to produce a forensically acceptable copy of the Laptop's hard drive, created by a qualified forensic provider and providing certification of the chain of custody. In the alternative, we request that plaintiff be permitted to deliver the Laptop to its qualified forensic provider to make a forensically acceptable copy of the Laptop's hard drive and provide a certification of the chain of custody.

Further, we ask the Court to: (1) direct IBM to provide the electronic documents it has stored that respond to Plaintiff's First Request for Documents forthwith; and (2) if documents have been destroyed, to give the details surrounding their destruction. Finally, we ask for an extension of an additional five days to July 20, for document discovery.

Respectfully,

Lisa R. Lipman

cc: Gail I. Auster, Esq.
    Allan S. Bloom, Esq.
    Erin LaRuffa, Esq.

**Attachment to June 12, 2012**
**Letter to Hon. Cathy Seibel, from Lisa R. Lipman , Esq.**
**(4 pages)**

# LISA R. LIPMAN
### ATTORNEY AT LAW
145 HUGUENOT STREET, SUITE 402
NEW ROCHELLE, NEW YORK 10801
TEL: (914) 235-8922
FAX: (914) 636-6021

MEMBER N.Y. AND CONN. BARS

June 5, 2012

*Via telefax (212) 319-4090
email, and first class mail*

Allan S. Bloom, Esq.
Paul Hastings LLP
75 East 55th Street
New York, New York 10022

        Re:    *Schlenger v. IBM Corporation, et ano*
                  No. 09-CV-3986 (CS)

Dear Mr. Bloom:

        In response to your request for the laptop in issue, please note: Plaintiff is ready to comply with Judge Seibel's Order, dated May 30, 2012 ("Order"), as soon as we have confirmation that defendants are in a position to comply.

        The only way to comply with Judge Seibel's Order is for defendants to make and provide a forensically acceptable copy of the hard drive. This must be done by a qualified forensic provider. Please confirm that IBM is making arrangements to do so.

        These arrangements will also include a certification of the chain of custody. Our understanding is that the laptop was locked upon plaintiff's termination and has remained locked continuously through the present.

        In addition, this letter constitutes plaintiff's formal request to have her forensic provider inspect the laptop as soon as the forensically acceptable copy of the hard drive has been created. In order to facilitate same, our forensic provider will need all access codes and passwords to the laptop. I am waiting to hear from my forensic provider whether there is any other information he needs in order to complete his inspection efficiently, and will advise you of same.

        If defendants intend to do anything other than have a forensically qualified provider make and provide to us the forensic image of the computer, please advise me at once, so that we can seek immediate intervention by the court to ensure there is no spoliation before we turn over the laptop.

Allan S. Blooom, Esq.
June 5, 2012
Page 2

Defendants have not produced any email communications between plaintiff and anyone else at defendant (see, e.g., and not exhaustively, Defendants' Responses to Plaintiff's Document Request Nos. 10, 12, 14, 16, 18, 19, 23, 43, etc.), despite indicating that it will do so. This does not reassure us that defendants are, in fact, in any position to comply with the Order, and, to the contrary, raises concerns that relevant documents already may have been destroyed.

Defendant was on notice prior to its termination of plaintiff of the possibility of litigation. Moreover, defendants were included in the litigation as of November 2009. In the meantime, we also remind you of your client's preservation obligation to not interfere with the content on the Laptop, either remotely or otherwise as indicated in the Order.

Please be advised that, by tomorrow at the latest, I will know my client's availability for handing over the laptop, provided the above-stated arrangements are in place. I will be out of the office and out of town and not retrieving voice mail or email from this Thursday, June 7 through Sunday evening, June 10, returning to my office on Monday, June 11. In the interim, the best way to reach me will be by leaving a voice mail on my cell phone (914) 715-4348, and I will return the call as soon as I am able.

Thank you in advance for your anticipated cooperation.

Very truly yours,

Lisa R. Lipman

cc: Gail I. Auster, Esq.
Erin E. LaRuffa, Esq.

# LAW OFFICES of
# GAIL I AUSTER
# and ASSOCIATES

Gail I Auster

700 White Plains Road I Suite 223 I Scarsdale, NY 10583
914 725 7300 office I 212 864 2228 fax I gailauster@lawauster.com

June 8, 2012

Allan S. Bloom, Esq.
Paul Hastings LLP
75 East 55th Street
New York, New York 10022

Re: Schlenger v. IBM Corporation & Gary Lipson
No. 09-CV-3986 (CS)

Dear Mr. Bloom:

Many of your responses to Plaintiff's First Document Request indicate that Defendants will provide responsive documents (see, e.g., Defendants' responses to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 27, 28, 30, 31, 32, 43, 44, 45, 46, 47, 48, 50). However, the responses that were provided do not indicate which documents produced thus far are responsive. In many cases, no responsive documents have been produced; for example, no emails between Plaintiff and her supervisors (other than a very few from before her first day of active employment) were produced. No documentation concerning TOTALS has been produced. The report of the Open Door Investigation refers to many "notes" between, for example, Lipson and Plaintiff, but none of those "notes" have been produced.

Defendants have been on notice for at least four years about the possibility of litigation, and certainly have been on notice since November 2009, when the lawsuit was filed. As such, IBM clearly had a duty to preserve the documents demanded. It is inconceivable that a large and sophisticated corporation such as IBM does not have the electronic documents and "notes" requested, and raises the specter of spoliation.

This response is past due. It is common in litigation to make supplemental production of documents, but in this case, very little has been produced. Counsel's statement about supplementing this production is woefully inadequate. Please clarify whether: (1) there are electronically stored documents that have yet to be produced and, if so (2) when Defendants expect to produce them. If there are no (or very few) other documents, please say so. If you cannot clarify these questions, we will be forced to seek court intervention. Thank you.

Very truly yours,

Gail I Auster, Esq.

c: L Lipman, Esq.

*Via telefax (212) 319-4090
email, and first class mail*

# PAUL HASTINGS

1(212) 318-6486
erinlaruffa@paulhastings.com

May 29, 2012

17321.00053

**VIA US MAIL**

Lisa R. Lipman, Esq.
145 Huguenot Street, Suite 402
New Rochelle, New York 10801

Re:   *Schlenger v. IBM Corp.*
      No. 09-cv-3986 (CS)

Ms. Lipman:

Enclosed please find Defendants' responses to Plaintiff's requests for production of documents and documents Bates numbered DEF000001- DEF000164. This production is subject to the parties' Confidentiality Stipulation and Protective Order, which was entered by the Court on June 28, 2010. Defendants will supplement their document production as they locate and review additional responsive documents.

Very truly yours,

*/s/ Erin E. LaRuffa/*

Erin E. LaRuffa
for PAUL HASTINGS LLP


cc:   Gail I. Auster
      *Attorney for Plaintiff*

| TRANSMISSION VERIFICATION REPORT |
|---|

```
TIME   : 06/12/2012 22:28
NAME   : LISA R LIPMAN ESQ
FAX    : 9146366021
TEL    :
SER.#  : C1J693618
```

```
DATE,TIME         06/12  22:27
FAX NO./NAME      12123194090
DURATION          00:01:35
PAGE(S)           09
RESULT            OK
MODE              STANDARD
                  ECM
```

**LISA R. LIPMAN**
Attorney At Law
145 Huguenot Street, Suite 402
New Rochelle, New York 10801

Member N.Y. and Conn. Bars
Email: LRLipman@aol.com
Tel: (914) 235-8922                                  Fax: (914) 636-6021

**FACSIMILE COVER SHEET**

DATE: 6/12/2012

TO:  Hon. Cathy Seibel

COMPANY/FIRM NAME:  U.S.D.C., S.D.N.Y.

TELEFAX NUMBER:  (914) 390-4278

RE:  *Schlenger v. IBM Corporation et ano.*
     09-CV-3986 (CS)

NUMBER OF PAGES INCLUDING THIS COVER SHEET: 9

INSTRUCTIONS:

**Letter to Judge Seibel of today's date sent before 9 a.m. on 6/13 per direction of Chambers.**

### CONFIDENTIALITY NOTE

The pages accompanying this facsimile transmission contain information from the law firm of Lisa R. Lipman, Esq. which is confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this cover sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify me by telephone immediately so that I can arrange for the retrieval of the original documents at no cost to you.
**IF THERE IS ANY PROBLEM WITH THIS TRANSMISSION, PLEASE CALL ME IMMEDIATELY AT (914) 235-8922.**