# PAUL HASTINGS

1(212) 318-6377
allanbloom@paulhastings.com

June 12, 2012

**VIA FACSIMILE**

Chambers of Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Schlenger v. IBM Corporation and Gary Lipson*
      No. 09-CV-3986 (CS)

Your Honor:

We represent the defendants, and write regarding Your Honor's May 31, 2012 Order (the "Order")
directing Plaintiff Susan Schlenger to return IBM's laptop, which Plaintiff kept following the end of her
employment with IBM. (*See* Order, Dkt. #100 ("Plaintiff shall turn the laptop, which is concededly IBM's
property, to IBM.").)

Plaintiff's counsel has ignored the Order, and refuses to return IBM's property.

On May 31, following posting of Your Honor's Order to the docket, I emailed Plaintiff's counsel, Lisa
Lipman and Gail Auster, asking when I could expect delivery of the laptop. Plaintiff's counsel refused to
answer my question. On June 5, I again wrote to Plaintiff's counsel asking them to let me know before
close of business that day when I could expect delivery of the laptop. Plaintiff has yet to return the laptop.

Instead of complying with the Order, Ms. Lipman and Ms. Auster are refusing to return the laptop until we
meet certain self-imposed conditions with respect to its return—*conditions that are not in Your Honor's
Order.* Among other things, Plaintiff is demanding that we hire a "qualified forensic provider" to "make
and provide [Plaintiff] with a forensically acceptable copy of the [laptop's] hard drive." (*See* attached June
5, 2012 letter from L. Lipman.)

Adding further insult to her flouting of Your Honor's Order, Ms. Lipman suggests that such measures are
appropriate "to ensure there is no spoliation before we turn over the laptop." (*Id.*)

Plaintiff's refusal to turn over the laptop notwithstanding Your Honor's Order—and Ms. Lipman's repeated
suggestion that IBM is not entitled to the return of its own property because of some wholly baseless fear
of "spoliation"—is outrageous and inappropriate. Ms. Lipman raised those same baseless arguments
when IBM first moved for the return of its laptop, and Your Honor noted in the Order that IBM's obligations
with respect to the preservation of relevant evidence were "needless to say." (*See* Order.)

17321.00053

[handwritten annotations:]

Counsel for Plaintiff and Plaintiff shall ensure the laptop is turned over by 5pm on [struck through] 6/14/12 on pain of contempt. I have no reason to expect spoliation and did not condition my earlier Order on any particular steps to be taken by IBM. Naturally IBM needs to preserve the contents of the laptop and produce any discoverable material within it, but there is no reason to delay turnover of the computer itself. If the parties cannot resolve their discovery differences by the meet-and-confer process, please notify the Court. Document discovery extended to 7/20/12

**So Ordered.**

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 6/13/12

# PAUL
# HASTINGS

Chambers of Hon. Cathy Seibel
June 12, 2012
Page 2

We request that Your Honor _again_ order Plaintiff to turn over the IBM laptop, immediately, and hold Plaintiff and her counsel in contempt if they fail to do so.  We further request that Your Honor direct Plaintiff to reimburse IBM for the costs of preparing this letter—costs that could readily have been avoided had Plaintiff and her counsel simply complied with Your Honor's perfectly clear Order.

Respectfully submitted,

Alan S. Bloom
of PAUL HASTINGS LLP

Attachment

cc:    Gail I. Auster, Esq.
       Lisa Ruth Lipman, Esq.
       _Attorneys for Plaintiff_

LEGAL_US_E # 98870750.2

# ATTACHMENT

## LISA R. LIPMAN
### Attorney At Law
145 Huguenot Street, Suite 402
New Rochelle, New York 10801

Member N.Y. and Conn. Bars
Email: LRLipman@aol.com
Tel: (914) 235-8922            Fax: (914) 636-6021

### FACSIMILE COVER SHEET

DATE: 6/5/12

TO:   Allan S. Bloom, Esq.
      Erin E. LaRuffa, Esq.

COMPANY/FIRM NAME:   Paul Hastings LLP

TELEFAX NUMBER: (212) 319-4090

RE:   Schlenger v. IBM Corp. et ano.
     09-CV03986 (CS)

NUMBER OF PAGES INCLUDING THIS COVER SHEET: 3

INSTRUCTIONS:

**Letter to Allan S. Bloom, Esq. of today's date.**

## CONFIDENTIALITY NOTE

The pages accompanying this facsimile transmission contain information from the law firm of Lisa
R. Lipman, Esq. which is confidential and/or privileged. The information is intended to be for the
use of the individual or entity named on this cover sheet. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of the contents of this information is
prohibited. If you have received this facsimile in error, please notify me by telephone immediately
so that I can arrange for the retrieval of the original documents at no cost to you.
**IF THERE IS ANY PROBLEM WITH THIS TRANSMISSION, PLEASE CALL ME
IMMEDIATELY AT (914) 235-8922.**

# LISA R. LIPMAN
### ATTORNEY AT LAW
146 HUGUENOT STREET, SUITE 402
NEW ROCHELLE, NEW YORK 10801
TEL: (914) 235-8922
FAX: (914) 636-6021

MEMBER N.Y. AND CONN. BARS

June 5, 2012

*Via telefax (212) 319-4090*
*email, and first class mail*

Allan S. Bloom, Esq.
Paul Hastings LLP
75 East 55th Street
New York, New York 10022

Re:   *Schlenger v. IBM Corporation, et ano*
      No. 09-CV-3986 (CS)

Dear Mr. Bloom:

In response to your request for the laptop in issue, please note: Plaintiff is ready to comply with Judge Seibel's Order, dated May 30, 2012 ("Order"), as soon as we have confirmation that defendants are in a position to comply.

The only way to comply with Judge Seibel's Order is for defendants to make and provide a forensically acceptable copy of the hard drive. This must be done by a qualified forensic provider. Please confirm that IBM is making arrangements to do so.

These arrangements will also include a certification of the chain of custody. Our understanding is that the laptop was locked upon plaintiff's termination and has remained locked continuously through the present.

In addition, this letter constitutes plaintiff's formal request to have her forensic provider inspect the laptop as soon as the forensically acceptable copy of the hard drive has been created. In order to facilitate same, our forensic provider will need all access codes and passwords to the laptop. I am waiting to hear from my forensic provider whether there is any other information he needs in order to complete his inspection efficiently, and will advise you of same.

If defendants intend to do anything other than have a forensically qualified provider make and provide to us the forensic image of the computer, please advise me at once, so that we can seek immediate intervention by the court to ensure there is no spoliation before we turn over the laptop.

Allan S. Bloom, Esq.
June 5, 2012
Page 2

        Defendants have not produced any email communications between plaintiff and anyone else at defendant (see, e.g., and not exhaustively, Defendants' Responses to Plaintiff's Document Request Nos. 10, 12, 14, 16, 18, 19, 23, 43, etc.), despite indicating that it will do so. This does not reassure us that defendants are, in fact, in any position to comply with the Order, and, to the contrary, raises concerns that relevant documents already may have been destroyed.

        Defendant was on notice prior to its termination of plaintiff of the possibility of litigation. Moreover, defendants were included in the litigation as of November 2009. In the meantime, we also remind you of your client's preservation obligation to not interfere with the content on the Laptop, either remotely or otherwise as indicated in the Order.

        Please be advised that, by tomorrow at the latest, I will know my client's availability for handing over the laptop, provided the above-stated arrangements are in place. I will be out of the office and out of town and not retrieving voice mail or email from this Thursday, June 7 through Sunday evening, June 10, returning to my office on Monday, June 11. In the interim, the best way to reach me will be by leaving a voice mail on my cell phone (914) 715-4348, and I will return the call as soon as I am able.

        Thank you in advance for your anticipated cooperation.

                                        Very truly yours,

                                        Lisa R. Lipman

cc:     Gail I. Auster, Esq.
        Erin E. LaRuffa, Esq.